Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9308 | **DATE** | 2/8/2002 |
| **CASE TITLE** | LIE vs. THE BOLER CO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to Memorandum Opinion and Order entered this day, defendant's motion to dismiss is granted. This action is dismissed in its entirety with prejudice. Any pending motions are moot. All previously set dates are stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 11 2002 date docketed | 9 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/8/2002 | |
| JS | courtroom deputy's initials | 02 FEB 11 AM 7:40 Date/time received in central Clerk's Office | date mailed notice JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TJONG LIE,                )
                          )
        Plaintiff,         )
                          )
  v.                      )
                          )
THE BOLER COMPANY,        )   No. 01 C 9308
                          )
        Defendant.         )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On November 1, 2001, plaintiff Tjong Lie ("Lie") filed a state court action for common-law fraud against defendant The Boler Company ("Boler"). On December 5, 2001, Boler removed this case to this court pursuant to 28 U.S.C. § 1441 arguing that this court has original jurisdiction of this case pursuant to 28 U.S.C. § 1331 since Lie's cause of action is completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101, *et. seq.* On December 11, 2001, Boler filed this motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, defendant's motion to dismiss is GRANTED. The complaint is dismissed in its entirety with prejudice for failure to state a claim upon which relief may be granted.

## STATEMENT OF FACTS[1]

In February 1986, Boler hired Lie as a Manager in Project Engineering. Beginning in 1988, Boler placed Lie in Boler's Management Incentive Program ("MIP") whereby Lie was entitled to receive a yearly bonus compensation for meeting or exceeding performance expectations. Lie met or exceeded performance expectations each year of his employment. Nonetheless, in January 1995, Lie sought employment with a customer/competitor of Boler, Navistar Corporation, ("Navistar"), because Lie was dissatisfied with certain terms and conditions of his employment with Boler. Boler's Division President, who is not identified in the complaint, approached Lie at that time and assured Lie that Lie's concerns with his employment with Boler would be addressed and rectified if Lie would agree to remain employed with Boler. Pursuant to those assurances, Boler and Lie discussed the following: (1) Lie's desire to discontinue work for his supervisor at the time; (2) Lie's desire to head his own department, and (3) Lie's requirement that he continue to receive medical coverage with early retirement. Boler assured Lie that each of his conditions would be met if he continued to work for Boler.

Lie continued to work for Boler, Boler promoted Lie to head of a department and Lie did not report his previous supervisor. Instead of providing medical coverage with early retirement, however, Boler involuntarily enrolled Lie into a deferred compensation program ("DCP"). Boler maintained that enrollment into the DCP would afford Lie the continued medical coverage after early retirement as he desired. After being enrolling in the DCP, however, Lie discovered that the actual

---

[1] In considering the merits of a motion made pursuant to Federal Rule of Civil Procedure 12(b)(6), the well-plead allegations of the complaint must be accepted as true. Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319 (7th Cir. 1997). Accordingly, the facts alleged in plaintiff's state court complaint are taken as true and set out in this opinion.

terms of the DCP provided no continued medical benefits.

Lie ultimately resigned from Boler, and upon resignation Lie also discovered that Boler funded Lie's participation in the DCP with compensation Lie earned through the MIP. The total amount deducted for Lie's MIP earnings was approximately $11,000. Lie exhausted all administrative remedies in attempt to recover his MIP earnings withheld. On February 18, 1999, Boler denied Lie's appeal seeking payment of his MIP earnings. Lie subsequently initiated this suit on November 1, 2001 in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Illinois, Law Division. In reliance on Boler's assurances, Lie did not receive medical coverage in early retirement, Lie lost income otherwise earned from the MIP, and Lie lost the opportunity to gain the medical coverage desired from Navistar.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows this court to dismiss a complaint that fails to state a claim upon which relief may be granted. In considering the merits of a motion made pursuant to Rule 12(b)(6), all ambiguities will be construed in favor of the plaintiff. Kelley v. Crosfield Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998). A court generally should only dismiss a complaint where it is clear that no relief could be granted with the allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). Additional facts submitted outside of the pleadings will be explicitly excluded and not considered, except those documents that are attached to the motion to dismiss, are referred to in the complaint and are central to the plaintiff's claims. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998).

## ANALYSIS

**I.    Removal to Federal Court**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The parties to this lawsuit are not diverse, hence the original jurisdiction necessary for removal, if any, must be based on "federal question" jurisdiction. Federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and a cause of action can only be said to arise under the laws of the United States if the plaintiff's complaint raises a federal issue. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841 (1983). As to removal by preemption, which is usually raised as a defense to a plaintiff's claim, the requisite federal issue does not appear on the face of the plaintiff's complaint. A preemption defense alone, therefore, cannot be the basis of the original federal jurisdiction necessary for removal to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). A case must be remanded to state court where the basis for removal is preemption unless the federal court finds that the preemption is sufficiently complete to confer federal question jurisdiction. If the federal court, in resolving the jurisdictional question, decides that the state cause of action is completely preempted, then removal to federal court is proper.

The complete preemption exception fashioned by the United States Supreme Court permits a re-characterization of plaintiff's state-law claim into a federal claim so that removal is proper. The determination of whether a cause of action has been completely preempted is based on the intent of

4

Congress. Id. at 66, 107 S.Ct. at 1547-1548. In Taylor, the Supreme Court held that the language of the jurisdictional subsection of ERISA's civil enforcement provisions clearly indicates a Congressional intent to make all suits that are cognizable under ERISA's civil enforcement provisions federal question suits. Id. Thus, proper resolution of the jurisdictional aspect of this case requires two inquiries. The first inquiry is whether Lie's complaint raises a federal issue. If it does, then federal question jurisdiction is present and removal was proper. Second, if Lie's complaint does not raise a federal issue, then a court must determine whether removal was nevertheless proper under the complete preemption doctrine.

Lie's complaint alleges a single count of common-law fraud. Lie alleges that Boler breached an oral agreement to convey medical benefits to Lie through early retirement. (Complaint ¶15 attached to Notice of Removal). In breaching its oral agreement with Lie, Lie alleges that Boler wrongly enrolled him into the DCP and wrongly funded Lie's participation in the DCP by deducting approximately $11,000 of Lie's earnings from the MIP. (Complaint ¶¶ 4, 12, 14-15). In his prayer for relief, Lie asks for compensation for past and future losses emanating from Boler's unlawful conduct and an award of "punitive and exemplary damages for Defendant's gross deception and wilful and wanton conduct." (Complaint ¶24).

None of Lie's allegations explicitly refer to ERISA or raise a federal question, accordingly, removal must come under the complete preemption doctrine. Upon further review of the complaint, if Lie ultimately prevailed in his complaint, the administration of either Boler's standard medical coverage provided for early retirees, Boler's DCP, or Boler's MIP or all three would be impacted. As a result, if either Boler's standard medical coverage provided for early retirees, Boler's DCP, or Boler's MIP is properly considered an ERISA-governed plan, then Lie's case is properly removed

5

to federal court as completely preempted.

In the United States Court of Appeals for the Seventh Circuit, the existence of an ERISA-governed plan "is an essential precursor to federal jurisdiction." Cvelbar v. CBI Illinois Inc., 106 F.3d 1368, 1373 (7th Cir. 1997), *cert. denied*, 522 U.S. 812, 118 S.Ct. 56, 139 L.Ed.2d 20 (1997)(citing UIU Severance Pay Trust Fund v. Local Union 18-U, 998 F.2d 509, 510 n. 2 (7th Cir.1993)). Section 502(a)(1)(B) of ERISA provides that "[a] civil action may be brought ... (1) by a participant or beneficiary ...(B) to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan ...." 29 U.S.C. § 1132(a)(1)(B). Section 3(3) of ERISA defines the terms "employee benefit plan" or "plan" as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3).

An "employee welfare benefit plan" is:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing ... medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death, or unemployment. 29 U.S.C. § 1002(1).

In turn, an "employee pension benefit plan" is:

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that by its express terms or as a result of surrounding circumstances such plan, fund or program (i) provides retirement income to employees, or (ii) results in a deferral of income by employees for periods extending to the termination of covered employment or beyond. 29 U.S.C. § 1002(2)(A).

Finally, an employee benefit plan has also been found to be any plan requiring an ongoing administrative scheme which contains reasonably ascertainable terms. See Fort Halifax Packing Co.

v. Coyne, 482 U.S. 1, 12, 107 S.Ct. 2211 (1987); Diak v. Dwyer, Costello & Knox, P.C., 33 F.3d 809, 812 (7th Cir.1994).

In looking at Lie's complaint, Boler's MIP is described as system whereby Lie was entitled to receive yearly bonus compensation for meeting or exceeding performance expectations. An employer does not create an employee benefit plan, merely by making payments to employees under a bonus system "unless such payments are systematically deferred to the termination of covered employment or beyond, or as to provide retirement income for employees." 29 C.F.R. § 2510.3-2(c). Accordingly, Boler's MIP does not equate to a benefit plan under ERISA. See Dranchak v. Akzo Nobel Inc., 88 F.3d 457, 459 (7th Cir. 1996); Kaelin v. Tenneco, Inc., 28 F. Supp. 2d 478, 486 (N.D.IL. 1998)(Manning, J.).

In reviewing Boler's DCP, Lie alleges that Boler maintained that the DCP was a system where participation in the system would afford the participant continued medical coverage after early retirement. (Complaint ¶11). Lie alleges that he was an involuntary participant in the DCP and a benefactor of the DCP. Although Lie also alleges that the DCP ultimately did not provide continued medical benefits, Lie's allegations regarding the DCP qualifies the DCP as an employee welfare benefit plan since the DCP was allegedly meant to provide medical service. The DCP also qualifies as an employee pension benefit plan since the DCP was also allegedly intended to provide its services for a period after Lie's retirement from Boler. Similarly, in looking at Boler's alleged promise to provide medical services to Lie through early retirement, Boler's alleged promise to Lie is a promise for an employee welfare benefit plan and a promise for an employee pension benefit plan. Accordingly, two out of the three Boler's systems at issue in this case, are properly considered employee benefit plans under ERISA.

In opposition, Lie argues that ERISA does not completely preempt his state-law claims because his damages as a result of Boler's breach arise from the loss of merit-based bonus compensation that he would have received if Boler had not involuntarily enrolled him in the DCP. Lie's argument is unpersuasive since whether ERISA completely preempts a particular state-law claim does not depend on plaintiff's damages but instead relies upon plaintiff's stated cause of action.

In this case, Lie's alleges that he is an "involuntary" participant in Boler's DCP, an ERISA-governed plan, whereas he should have been the benefactor of medical coverage through early retirement, which if implemented would have been an ERISA-governed plan with ascertainable terms, requiring an ongoing scheme of administration. Finally, Lie's prayer for relief would at least entail payment from Boler's DCP in the amount inappropriately deducted from Lie's MIP earnings and complete relief would also entail Boler to create or to enhance its system of providing medical services to early retirees in order to provide medical services to Lie in early retirement. The rules governing payment to participants from pension and welfare plans necessarily "relate to" those plans and ERISA's civil enforcement provisions specifically provide plan participants and beneficiaries with a federal claim to seek increases in their pension benefits. Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1076-77 (7th Cir.1992); Lister v. Stark, 890 F.2d 941 (7th Cir.1989).

Upon review of the relevant law and the allegations of Lie's complaint, this court finds that the basis of Lie's complaint is an alleged breach of an oral promise to modify or provide pension benefits. The court also finds that possible resolution of this state-law complaint in favor of plaintiff would have a direct impact on the administration of ERISA-governed pension plans in contravention of the clear intention of Congress to make such administration the exclusive province of federal law.

Accordingly, Lie's complaint is cognizable under ERISA's civil enforcement provisions and therefore completely preempted. See, e.g., Cefalu v. B.F. Goodrich Co., 871 F.2d 1290 (5th Cir.1989) (plaintiff orally assured of retirement benefits equal to those of employees with other positions); Anderson v. John Morrell & Co., 830 F.2d 872 (8th Cir.1987) (plaintiff orally promised fringe benefits equal to those he would have received as a union member); Jackson v. Martin Marietta Corp., 805 F.2d 1498 (11th Cir.1986) (plaintiff orally promised an earlier pension service date than the date provided by the plan). Since this complete preemption confers the necessary original federal jurisdiction, removal of Lie's claims to federal court is proper.

**II. Motion to Dismiss**

Notwithstanding Lie's broad prayer for relief, Lie's complaint must be dismissed with prejudice for failure to state a claim. Having determined that Lie's state law cause of action points to federal regulations, in determining whether Lie's properly removed complaint should be dismissed for failure to state a claim, a court should inquire whether relief is possible under any set of facts that could be established consistent with the allegations. See Bartholet, 953 F.2d at 1078. In conducting this inquiry, however, a court must also keep in mind that plaintiffs can plead themselves out of court. See McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). Accordingly, with these two principles in mind, Lie opened a trap door under his case by alleging in the complaint that Boler's promise to provide him with continued medical services through early retirement was oral. See Lister, 890 F.2d at 946, cf. Bartholet, 953 F.2d at 1078 (finding that even though plaintiff's complaint was completely preempted by ERISA, the complaint should not have been dismissed because the promise to plaintiff affecting an ERISA plan was written). Since ERISA does not allow oral variances of pension plans, Id., in determining whether any relief is possible under any set of

9

facts consistent with the complaint, Lie has plead himself out of court.

CONCLUSION

For the above stated reasons, defendant's motion to dismiss is GRANTED. This suit is dismissed in its entirety with prejudice. All pending motions are moot. All previously set dates are stricken.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: February 8, 2002

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

LIE **JUDGMENT IN A CIVIL CASE**

v. Case Number: 01 C 9308

THE BOLER COMPANY

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this action is dismissed in its entirety with prejudice for failure to state a claim upon which relief may be granted.

Michael W. Dobbins, Clerk of Court

Date: 2/8/2002

J. Smith, Deputy Clerk